UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FERNANDO S. COSTA )<br>                                     )<br>    Plaintiff,               )<br>                                     )<br>v.                                    )<br>                                   )<br>TOP'S CHURRASCARIA, INC. and, )<br>ALIA DAMASCENO, *individually*, )<br>                                   )<br>    Defendants.           ) | Civil Action No.:1:19-cv-11915 |

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

The Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and Mass. General Laws c. 149, §§ 148, 148B and 150 ("Wage Act"). The Plaintiff, a former employee of a restaurant owned and operated by Defendants, regularly worked in excess of sixty (60) hours per week but, in blatant disregard for state and federal law, was not paid wages at an overtime premium.

**JURISDICTION AND VENUE**

1. This action arises under the laws of the United States, the FLSA, 29 U.S.C. §§ 201 et seq. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1331.

2. Venue is appropriate in the District of Massachusetts as all of the events and omissions giving rise to this claim occurred herein.

**PARTIES**

3. Plaintiff Fernando S. Costa ("Costa"), a resident of Peabody, Massachusetts, was employed by the Defendants from 2010 through May of 2018 at "Oliveira's Steakhouse," a restaurant in Peabody, Massachusetts owned and operated by the Defendants.

4. Oliveira's Steakhouse is owned and operated by Defendant Top's Churrascaria, Inc., ("Oliveira's", or the "Company") a Massachusetts corporation with a principal place of business at 74 Walnut Street, Peabody Massachusetts. At all times relevant to this complaint, the Company has engaged in "interstate

commerce" under the FLSA because its restaurant has combined annual gross sales of at least $500,000.00 for the previous three years, and it employs individuals engaged in interstate commerce.

5. Defendant Alia Damasceno is President, Treasurer, and sole Director of Top's Churrascaria, Inc.  He resides at 261 Havre Street, #1, East Boston, Massachusetts.  The Defendant Alia Damasceno, based on information and belief, is the individual in charge of policies and procedures related to the payment of wages at Oliveira's Steakhouse.

## FACTS

6. Costa was employed by the Defendants from about 2010 through May of 2018 (the "Employment Period").

7. The Company agreed to furnish Costa with wages on a salary basis.

8. The Company agreed to furnish Costa with $700.00 per week.

9. Costa regularly worked in excess of sixty (60) hours per week during the Employment Period.

10. During the Employment Period, Costa regularly worked 6-days per week for the Defendants.

11. On some days, Costa worked from 8:30am in the morning straight through to 2:00am the following morning.

12. During the Employment Period, the Company never furnished Costa with an overtime premium of one and one-half times his regular hourly rate for hours he worked over forty in a week.

13. Costa's job included bartending, serving/waiting tables, cooking, cleaning, among other tasks.

14. As part of his job duties, Costa did not have the authority to hire nor fire other employees.

15. The Company owes Costa wages at an overtime premium rate pursuant to the FLSA.

16. Costa filed a wage and hour complaint with the Fair Labor Division of the Massachusetts Attorney General's Office to commence a private action against the Defendants for violations of Massachusetts Wage and Hour Laws, and that

request is pending.

## CAUSES OF ACTION

### COUNT I – Fair Labor Standards Act, 29 U.S.C. § 207 et seq.

17. The previous paragraphs are re-alleged and incorporated by reference.

18. The FLSA provides that employers such as the Defendants must compensate employees such as the Plaintiff at a rate of at least time and one half for hours worked over forty in a week.

19. Plaintiff worked over forty hours per week for the Defendants who willfully failed to pay him overtime, in violation of the FLSA.

20. Both Defendants are "employers" of the Plaintiff under the FLSA because they directly controlled company policy related to the payment of wages.

### COUNT II – Mass Wage Act, Mass. General Laws. c. 149, §§ 148, 150

21. The previous paragraphs are re-alleged and incorporated by reference.

22. Mass. General Laws c. 149, § 148, 150, requires employers to pay employees for time worked no later than six days following the end of a pay period in which wages are earned, and employees who are discharged from employment must be paid in full on the day of discharge.

23. The Defendants violated Mass. General Laws c. 149, § 148 by failing to timely pay the Plaintiff overtime wages due under the FLSA.

24. The Defendants violated Mass. General Laws c. 149 § 148 by failing to ensure the Plaintiff made at least the statutory minimum wage for all hours worked.

25. Both Defendants are "employers" of the Plaintiff under the FLSA because they directly controlled company policy related to the payment of wages.

## REQUESTS FOR RELIEF

WHEREFORE, the Plaintiff request that the Court:

1. Award the value of wages and other benefits;
2. Award liquidated damages and attorney's fees under the FLSA;
3. Award triple damages and attorney fees under Mass. Gen. Law. c. 149, § 150;
4. Award any Other Relief as the Law and Justice requires.

3

**PLAINTIFF DEMANDS A TRIAL BY JURY**

PLAINTIFF,
By his attorney,
/s/ Michael J. Bace, Esq.
Michael J. Bace, Esq. (BBO
BACE LAW GROUP, LLC
PO Box 9316
Boston, MA 02114
508-922-8328
mjb@bacelaw.com

4